**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
**CELIA BELLINGER,**

                         **Plaintiff,**

                                                                    **MEMORANDUM**
   **- against -**                                                 **AND ORDER**
                                                                       **CV-06-321 (CBA)**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

                         **Defendant.**
-----------------------------------------------------------X
Gold, S., *United States Magistrate Judge*:

       On August 8, 2007, I heard argument on plaintiff's motion for sanctions and to compel discovery. Ruling from the bench, I denied plaintiff's motion to compel, but awarded plaintiff five thousand dollars in attorney's fees. Transcript of August 8, 2007, Docket Entry 45 ("Tr."), 36-37. Defendant now seeks reconsideration of my order awarding fees. Docket Entry 48. Defendant argues in essence that, because I denied plaintiff's motion to compel, my fee award was without legal basis.

       Federal Rules of Civil Procedure 37(d) provides that, when a party fails to produce documents demanded pursuant to Rule 34 and the demanding party moves for relief, the court,

> [i]n lieu of any order or in addition thereto . . . shall require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure.

As a review of the docket sheet in this action makes clear, defendant has failed to meet several discovery deadlines. *See, e.g.,* Minute Entry for status conference held January 12, 2007 (directing defendant to complete its document production within two weeks); Minute Entry for status conference held February 28, 2007 (directing defendant to produce certain documents within two weeks); Minute Entry for telephone conference held May 17, 2007 (directing

defendant to complete its document production by June 1, 2007 on pain of sanction). Despite these rulings, defendant conceded that additional documents were owed as of July 11, 2007, when it submitted its opposition to plaintiff's motion to compel, and even at the time of the oral argument on plaintiff's motion held on August 8, 2007. *See* Declaration of Assistant U.S. Attorney Kathleen A. Mahoney in Support of Defendant's Opposition to Plaintiff's Motion to Compel, Inspect and for Sanctions ("Mahoney Decl."), Docket Entry 37, ¶ 60; Tr. 3.

Of particular significance, defendant acknowledged that searches for relevant e-mails were not properly conducted in a timely manner and were still underway even at the time of the argument on plaintiff's motion. Mahoney Decl. ¶ 60; Tr. 3-4, 19-22. Plaintiff's motion, however, was prompted at least in part by defendant's incomplete and tardy e-mail production. *See*, *e.g.*, Mason Affirmation in Support of Motion to Compel, Inspect and for Sanctions, Docket Entry 34, ¶¶ 37-38, 43-47, 51, 58. Had defendant properly and timely searched for and produced all e-mails responsive to plaintiff's demands, plaintiff might not have filed a motion to compel; at a minimum, the scope of any motion plaintiff did file would not have been as broad. Thus, at least some portion of the attorney's fees incurred by plaintiff were "caused by the failure" of the defendant to respond to plaintiff's document demands in a prompt and complete manner. *See* Fed. R. Civ. P. 37(d).

For all these reasons, defendant's motion for reconsideration is denied.

SO ORDERED.

_____/s/_____
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
October 2, 2007
U:\bellinger 100207.wpd