UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CELIA BELLINGER,                                                    NOT FOR PUBLICATION
                                                                    MEMORANDUM &
      Plaintiff,                      ORDER
-against-                                                           06-CV-321 (CBA)(SMG)

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.
-----------------------------------------------------------------x
AMON, United States District Judge:

  Plaintiff Celia Bellinger ("Bellinger") brought this gender discrimination lawsuit against the Commissioner of Social Security ("the Commissioner") pursuant to Title VII of the Civil Rights Act. She alleges that she was denied a promotion because of her gender and also that she received unequal pay.

  Pursuant to Federal Rule of Civil Procedure 72(a), Bellinger appeals from the August 13, 2009 Memorandum and Order of Chief Magistrate Judge Steven Gold ("the Order") denying her May 15, 2009 motion to compel answers to Interrogatories 1 to 11, 13 to 22, and 24. Chief Magistrate Judge Gold denied the motion to compel in its entirety. Bellinger submitted timely objections (the "Objections"), claiming Chief Magistrate Judge Gold's rulings must be reversed because they are clearly erroneous or contrary to law. For the reasons set forth below, Bellinger's request that the Order be reversed is denied.

  A district court is only required to modify or set aside a magistrate judge's order on a nondispositive matter when it is "clearly erroneous" or "contrary to law." See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm

1

conviction that a mistake has been committed." Kai Wu Lu v. Tong Zheng Lu, No. 04-cv-1097, 2007 WL 2693845, at *2 (E.D.N.Y. Sept. 12, 2007) (internal citations and quotation marks omitted). With respect to questions of law, "[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Id.

Bellinger submitted a fifty-seven page brief objecting to the Order denying her motion to compel. The Objections, if nothing else, are extremely thorough, and recite a litany of reasons why the magistrate judge violated Rules 26(b)(1), 33, and 37 of the Federal Rules of Civil Procedure, as well as Bellinger's "rights" to receive evidence relating to pretext, disparate treatment, pattern and practice, comparators, statistical evidence, and more. Bellinger claims that the Order causes her "irreparable harm" by denying her access to evidence and preventing her from bringing a spoliation motion.

Bellinger has not established that Chief Magistrate Judge Gold's Order was clearly erroneous or contrary to law. The magistrate judge's well reasoned Order determined that the Commissioner's burden of complying with Bellinger's discovery requests outweighed its likely benefit. See Fed. R. Civ. P. 26(b)(2)(C). With regard to Interrogatories 1-11, which seek detailed information about the job status and career histories of various categories of SSA employees, Chief Magistrate Judge Gold noted that the burden of complying with the interrogatories would be "substantial" and that "[t]he likely benefit of the discovery. . . is slight or non-existent, particularly in light of the narrow scope of plaintiff's claims and the broad range of discovery that has already been produced." (Order at 6-7). Bellinger's generalized claims that the Order violates her "rights" to obtain various types of evidence (see Objections at 18-26), essentially the same arguments she made before Chief Magistrate Judge Gold (Pl.'s Motion to Compel at 7-12, Docket Entry 78), do not establish that the magistrate judge's finding was clearly

2

erroneous. Chief Magistrate Judge Gold appropriately considered the scope and substance of the discovery already provided to Plaintiff. (Order at 4-6, 8). Bellinger's remaining interrogatories sought detailed information about all employees in the New York Regional Office ("NYRO"), as well as all non-NYRO employees, virtually none of whom are Plaintiff's comparators. Plaintiff's claims are premised on allegations of direct discrimination by her supervisor, not an agency wide pattern or practice of gender discrimination. (Order at 7).

Bellinger also contends that the Order misapplies Hollander v. Am. Cyanimid Co., 895 F.2d 80 (2d Cir. 1990). Bellinger argued before the magistrate judge that Hollander mandates that the Court allow her to obtain the requested disclosures. In that case, the plaintiff was fired by the defendant employer and filed suit alleging age discrimination. The Second Circuit reversed the trial court's decision granting summary judgment to the defendant on the ground that Hollander's motion to compel discovery was improperly denied. In that motion, he had sought the identity of all management-level employees over the age of forty who were terminated during the eighteen months before the plaintiff was fired. 895 F.2d at 84-85. Chief Magistrate Judge Gold determined that Hollander did not support Bellinger's argument because "the discovery sought in Hollander – a list of persons over forty fired shortly before plaintiff's termination – was much more limited than the extensive, detailed information about each employee plaintiff seeks here." (Order at 9).

Plaintiff argues that the Order "erroneously misstates the holdings and facts set forth in Hollander as the discovery in that case was on a national scale, and therefore far more extensive than what has been sought here." (Objections at 39). This distinction does not entitle Bellinger to the requested relief. Although Hollander was concerned with requests on a national scale, the magistrate judge did not commit clear legal error when he determined that the nature of the

3

information requested here is unduly burdensome, even if limited to a regional office. Additionally, as noted in the Order, Hollander was decided prior to the adoption of Rule 26(b)(2), which grants the court increased flexibility in limiting the extent of discovery. (Order at 10). Accordingly, plaintiff's request with respect to Interrogatories 1 to 11 is denied.

Interrogatories 13 to 22 and 24 seek detailed information about the defendant's electronically stored information. Chief Magistrate Judge Gold found that these interrogatories seek "detailed and technically complex" information and that a response would be "extremely burdensome". (Order at 13). He further found that "the information sought is unlikely to be of significant value, especially in light of the discovery that defendant has already provided." (Id.) Bellinger contends that she has been denied discovery on issues "concerning the existence, location, preservation, and identification" of electronically stored information in violation of Fed. R. Civ. P. 26(a)(1)(B). (Objections at 49). The record is clear, however, that plaintiff has had the opportunity to discover substantial evidence relating to the manner in which the defendant stores electronic information. The Commissioner responded to portions of Bellinger's interrogatories by referring to and incorporating by reference declarations that contain the requested information. (AUSA Mahoney 2009 Decl. Ex. 17 at 19-22, Docket Entry 40; Brokes Decl., Docket Entry 41). The magistrate judge recounted at length the considerable discovery that has taken place on this issue, including prior motion practice, the production of thousands of documents and depositions of the relevant custodians. (Order at 13-18). Contrary to Bellinger's claims that the Commissioner has "wrongfully withheld highly probative evidence, and made false statements regarding why the evidence has been withheld," Chief Magistrate Judge Gold specifically found that there is "no support for plaintiff's accusations" based upon a review of the affidavits and exhibits submitted in connection with this motion as well as his own familiarity with

4

the proceedings of this case. (Order at 13). Nothing in Bellinger's Objections or the record suggests that the magistrate judge's conclusion was clearly erroneous. Plaintiff has not set forth any evidence beyond baseless conjecture upon which this Court could conclude that the magistrate judge erred.

The Court has reviewed Bellinger's remaining Objections and finds them to be without merit. Accordingly, Bellinger's request that the Court reverse Chief Magistrate Judge Gold's Order is denied.

SO ORDERED.

Dated: Brooklyn, New York
April 1, 2010

s/Hon. Carol B. Amon
Carol Bagley Amon
United States District Judge