UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CELIA BELLINGER,

        **Plaintiff,**

   - against -

MICHAEL J. ASTRUE, Commissioner
of Social Security,

        **Defendant.**
------------------------------------------------------------X

**MEMORANDUM
AND ORDER**
CV-06-321 (CBA)

*Gold, S., U. S. Magistrate Judge*:

    Plaintiff brings this lawsuit pursuant to Title VII of the Civil Rights Act claiming she was discriminated against because of her gender. Plaintiff's complaint asserts two causes of action, one contending that plaintiff was denied a promotion and a second alleging she received unequal pay. Compl. ¶¶ 90-112; Tr. of 1/26/09, Docket Entry 73, at 11. The facts underlying plaintiff's claims are set forth in detail in prior written decisions, and for that reason are not repeated here.

    By letter motion dated December 22, 2010, plaintiff seeks to compel disclosure of certain email communications between defendant's counsel and Stephanie Panas, an employee of defendant and plaintiff's current supervisor. Docket Entry 141. The subject matter of the emails is, according to plaintiff, "everything that Defendants' Counsel told her [Panas] to produce (in the form of email) as well as her responses." *Id.* at 2. Plaintiff's demand for this discovery arises out of her assertion that defendant has failed to produce all responsive emails sent or received by Eric Schlesinger. According to plaintiff, Schlesinger was her supervisor at the time of the events giving rise to her claims. Defendant objects to production on grounds of attorney-client privilege and work product and cross-moves for a protective order.

Plaintiff conducted a deposition of Panas on December 15, 2010. Panas testified at her deposition that she has had access to the emails in the mailbox of Eric Schlesinger. Panas further testified that she provided defendant's counsel with several boxes of printed emails from Schlesinger's mailbox.

Plaintiff first contends that Panas' testimony reveals that defendant has not produced the Schlesinger emails plaintiff has demanded in discovery. Plaintiff seems to argue that this revelation gives rise to a compelling need for the emails exchanged by Panas and counsel for defendant.

There has already been substantial litigation over plaintiff's contention that defendant has failed to produce those Schlesinger emails that are responsive to her discovery demands. Throughout that litigation, defendant has repeatedly asserted that Ms. Panas searched Schlesinger's email box and that all responsive emails uncovered by Panas have been produced. For example, Panas' search of Schlesinger's emails is described in a letter sent by Assistant U.S. Attorney Kathleen Mahoney to Elizabeth Mason, Esq., dated July 23, 2009, filed with the Court as Docket Entry 97, at 1-2. Defendant's letter refers to affidavits sworn to by Panas on March 23, 2007 and July 29, 2009, that have also been filed with the Court. Docket Entry 100-1 at 1-5. In her later affidavit, Panas states that her "e-mailbox contains a folder that contains all of Mr. Schlesinger's e-mail messages that were not deleted prior to February 2006 " and that Panas "accessed on [her] computer the e-mail folder that contained all of Mr. Schlesinger's saved e-mail messages . . . and printed out every e-mail message." *Id.* ¶¶ 2-3. I have reviewed the summary of Panas' testimony provided by plaintiff in her letter briefs and the excerpts of the Panas deposition transcript plaintiff has submitted with the hard copy, but not the electronically

2

filed copy, of her reply letter brief dated January 12, 2011. Docket Entry 143. I fail to discern any inconsistency between Panas' deposition testimony and the representations of defendant's counsel with respect to production of the Schlesinger e-mails. Accordingly, I conclude that plaintiff's contention that Panas' deposition testimony reveals that defendant has not properly searched for and produced Schlesinger's responsive e-mails is without merit.

As noted above, defendant resists production of the emails exchanged between its counsel and Panas on grounds of attorney-client privilege and work product protection. Because I conclude that the emails sought by plaintiff are protected work product, I do not consider whether defendant has established the elements of attorney-client privilege.

It is well settled that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or trial by or for another party or its representative." FED. R. CIV. P. 26(b)(3)(A). Here, plaintiff has demanded emails, exchanged by defendant's counsel and one if its employees, discussing how to respond to a discovery demand made by plaintiff in this very case. It is hard to conceive of documents that more clearly meet the definition of work product.

The protection afforded to work product is not absolute. Under certain circumstances, work product may be obtained upon a showing of substantial need. FED. R. CIV. P. 26(b)(3)(A)(ii). Plaintiff, however, does not invoke this provision. Moreover, for the reasons stated above, I conclude that plaintiff has not demonstrated substantial need for the emails she seeks.

Plaintiff contends that defendant waived any claim of work product protection by permitting Panas to answer questions at her deposition about how she searched for responsive

documents. I have carefully reviewed the excerpts of Panas' deposition testimony submitted by plaintiff. Ms. Panas testified that she provided any responsive records she had to defendant's counsel (p. 56); that she attempted to retrieve all of the information defendant's counsel requested (p. 60); that she was asked to print out all of the emails on a particular index (p. 115); and that she was unable to recall certain other details (pp. 117, 119). Panas did not reveal in any detailed or meaningful way the substance of any communications she had with counsel for defendant concerning how to go about responding to plaintiff's discovery demands. Although a party may not strategically elect to reveal some but not all privileged or protected communications, *see, e.g., United States v. Bilzerian*, 926 F.2d 1285, 1202 (2d Cir. 1991), that is not what occurred here. Plaintiff's waiver argument is rejected.

Finally, plaintiff argues that defendant's failure to provide a privilege log with respect to the communications at issue constitutes a waiver of work product protection. Generally, when a party withholds information that is otherwise discoverable on grounds of a privilege or protection, the party must expressly invoke the privilege or protection asserted and describe the documents withheld. FED. R. CIV. P. 26(b)(5). The purpose of this requirement is to assist the party seeking discovery – and, where applicable, the Court – in determining whether the privilege or protection has been properly invoked. *See* 6 MOORE'S FEDERAL PRACTICE (3d ed. 2010) § 26.90[1]. A privilege log is typically prepared in response to demands that do not by definition seek only privileged or protected documents; to require a privilege log, for example, in response to a demand for all confidential communications between an attorney and client exchanged for the purpose of securing or providing legal advice, would be to elevate form over substance. Here, plaintiff's discovery demand seeks documents that are, virtually by definition, protected

work product. To require that a log of responsive documents be prepared, when it is clear from the demand itself that *all* responsive documents are protected from disclosure, would serve no purpose. In any event, defendant has, in its letter in opposition to plaintiff's motion, provided a list of the emails it has withheld as privileged or protected work product. Docket Entry 142 at 4. Under these circumstances, a finding of waiver, "the most extreme sanction that a court can impose for failure to follow the required procedure" set forth in Rule 26(b)(5), is unwarranted. 6 MOORE'S FEDERAL PRACTICE § 26.90[1].

For all of the reasons set forth above, plaintiff's motion is denied. Defendant's cross-motion is granted to the extent that plaintiff is directed not to ask Panas further questions about her communications with counsel in connection with responding to plaintiff's discovery demands. If plaintiff has other areas of questioning to pursue, she may continue the deposition of Panas.

SO ORDERED.

_____/s/_____
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
January 31, 2011

U:\bellinger 013111.wpd