UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CELIA BELLINGER,

       **Plaintiff,**

   - against -

MICHAEL J. ASTRUE, Commissioner
of Social Security,

       **Defendant.**
----------------------------------------------------------X

MEMORANDUM
AND ORDER
CV-06-321 (CBA)

*Gold, S., U. S. Magistrate Judge*:

    On July 5, 2011 I issued an Order in response to an application from plaintiff extending the time for completing depositions to August 31, 2011.  Docket Entry 161.  Plaintiff filed objections contending that the Order improperly denied her the opportunity to discover three categories of documents.  Docket Entry 165, ¶ 8.  By Order dated August 2, 2011, United States District Judge Amon correctly noted that I had not denied plaintiff's application for discovery of these documents, but instead had not ruled on it at all, and directed that I consider and rule upon the application.  Docket Entry 170.

    My Order of July 5, 2011 was issued in response to plaintiff's letter application of June 20, 2011, Docket Entry 158.  The final few sentences of the last paragraph of that letter refer to the three categories of documents identified by plaintiff in her appeal.  More specifically, plaintiff's letter stated as follows:

> Ms. Mahoney must make available to my office for inspection and copying the email that she was ordered to produce as a result of the court's rulings on Plaintiff's Second Document Request.  I am available to review all of those emails any day next week along with any other documents that she has been ordered to produce but has not turned over.  Another remaining item are the court ordered subpoenaed documents which must be obtained from the Office of

> Personnel Management pursuant to judicial subpoena. There are
> also some smaller items such as missing documents from OPF files
> which I have identified as missing but have not as of yet received
> and similar types of outstanding items.

Docket Entry 158 at 2. As Judge Amon correctly pointed out, I did not address these document demands in my Order of July 5, 2011.

Defendant has submitted a letter opposing the additional document production sought by plaintiff. Docket Entry 173. Defendant argues, as it did in response to plaintiff's letter of June 20, that the time set by the Court for completing discovery has passed, and that plaintiff should be denied the opportunity to seek additional document discovery now. I share defendant's concern that the discovery phase of this case has gone on for far too long. Nevertheless, for the reasons stated in my Order of July 5, I decline to refuse plaintiff the opportunity to complete the remaining limited discovery she apparently seeks.

Accordingly, counsel shall arrange a mutually convenient time between now and August 31, 2011 for plaintiff's counsel to inspect the emails described in the paragraph that begins on page two and continues on the third page of defendant's letter of August 5, 2011. The Court understands this to address what plaintiff refers to as the "second category" of documents in her appeal from my Order of July 5, 2011. If plaintiff needs additional time to review the documents, and the pre-trial phase of the case is still proceeding, counsel shall cooperate in finding mutually convenient times for plaintiff's counsel to conduct her review.

Plaintiff next asks that I issue a subpoena to the Director of the National Personnel Records Center. The proposed subpoena is annexed as Exhibit C to plaintiff's objections. Docket Entry 165-4. The subpoena directs disclosure of all documents in the personnel files of

eleven federal employees, including but not limited to any warnings issued, disciplinary actions commenced, and evaluations received. I presume that the subpoena plaintiff seeks is the same one I indicated I would approve and "so order" during the conference held in this case on June 15, 2010. *See* Tr., Docket Entry 140, at 12-14. If the subpoena plaintiff now seeks is different, defendant shall promptly so advise the Court. It is not clear to me why, having obtained leave of court to subpoena the records at issue more than a year ago, plaintiff did not do so at that time. Nevertheless, unless defendant indicates by August 18 that the subpoena plaintiff seeks now is materially different from the one I previously approved, I will "so order" the subpoena.[1]

Although it is not entirely clear from her submission objecting to my Order of July 5, it appears that plaintiff seeks issuance of the subpoena as a means of obtaining documents she claims are missing from the personnel files produced by defendant in discovery.[2] To the extent plaintiff contends that there are documents missing and wishes to attempt to obtain them from defendant, plaintiff may submit a letter to defendant by August 24 identifying the documents she contends are missing from defendant's production. Defendant shall either produce the missing

---

[1]Plaintiff has submitted the subpoena she seeks as Exhibit C to her objections, Docket Entry 165-4. The subpoena calls for my signature, and also indicates that I will have it served. While I am prepared, subject to the condition stated in the text, to "so order" the subpoena, I have no intention of arranging for service. My chambers will have the signed subpoena available for plaintiff's counsel on August 19, assuming defendant has not objected on the ground indicated in the text by that date, and plaintiff will arrange for service of the subpoena if she chooses to do so.

[2]The lack of clarity referred to in the text derives from plaintiff's identification of four categories of *discovery*, with the disputed document demands identified as the second, third and fourth categories (Docket Entry 165, ¶ 8), and her subsequent discussion of only a second and third category of *documents* (Docket Entry 165, ¶¶ 11-14), with the second category of documents seeming to relate to the second category of discovery, but the third category of documents, the subpoenas, seeming to relate to the discussion of the fourth category of discovery, the "missing documents," and there being no further discussion of what "missing documents" plaintiff seeks.

3

documents, confirm that a diligent search for the documents has been made and the documents cannot be found (if a diligent search was made in the past, confirmation of that fact will suffice), or state that the inference that documents are missing is incorrect and explain why that is so, by September 9, 2011.

All depositions shall proceed as previously scheduled regardless of any pending appeals, motions or contentions that documents have not been produced. The Court understands that the existing schedule is set forth in plaintiff's letter dated July 18, 2011, and that all scheduled depositions will be completed by August 29, 2011. Docket Entry 164. I also understand that there is a pending dispute concerning paragraphs five through eight of plaintiff's Rule 30(b)(6) deposition notice, and that plaintiff's response to defendant's motion concerning that notice is not due until August 19, 2011. The only depositions that will be permitted after August 29, 2011 will be those, if any, plaintiff is permitted to take with respect to the disputed aspects of the Rule 30(b)(6) notice.

SO ORDERED.

/s/
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
August 11, 2011

U:\bellinger 081011.wpd