**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**-------------------------------------------------------------X**

**CELIA BELLINGER,**

       **Plaintiff,**

                                               **MEMORANDUM**
**- against -**                                   **AND ORDER**
                                               **CV-06-321 (CBA)**

**MICHAEL J. ASTRUE, Commissioner**
**of Social Security,**

       **Defendant.**
**-------------------------------------------------------------X**

*Gold, S., U. S. Magistrate Judge*:

**Introduction**

After years of contentious pretrial litigation, discovery in this employment discrimination case is finally nearing an end. The only depositions potentially remaining are those plaintiff seeks to take pursuant to a Rule 30(b)(6) notice directed to the Social Security Agency ("SSA"). *See* Order dated August 11, 2011, Docket Entry 175. Plaintiff served the Rule 30(b)(6) deposition notice in December of 2008. The notice seeks testimony with respect to 11 enumerated subjects. Def.'s Letter dated July 28, 2011, Docket Entry ("DE") 168, Ex. A. Defendant objects to producing witnesses to answer questions about 4 of the 11 subjects, largely on the ground that the subjects are of little or no relevance to the parties' claims and defenses. Plaintiff urges that the subject areas are relevant, and contends in addition that defendant's objections are untimely. In addition, and as has become routine practice in this case, plaintiff moves for sanctions based on defendant's refusal to produce witnesses with respect to the four subject areas in dispute.

The parties have presented these issues to the Court in a somewhat informal manner. Although plaintiff has submitted her application for sanctions by way of letter motion, DE 176, the parties' dispute over the proper scope of any 30(b)(6) depositions is before the Court as a result of a series of letters that were not filed as motions. Nevertheless, I will construe defendant's letter dated July 28, 2011, DE 168, as

a motion for protective order; plaintiff's letter dated August 12, 2011, DE 176, as her opposition to the motion; and defendant's letter dated August 31, 2011, DE 181, as having been submitted in reply.

## Timeliness of Defendant's Objection and Plaintiff's Motion for Sanctions

As noted above, plaintiff served the disputed notice of deposition in December of 2008. The notice called for the deposition to be held on January 29, 2009. Defendant did not raise an objection at or about that time. As defendant points out, however, plaintiff never made a serious effort to schedule the deposition. Rather, according to defendant, plaintiff deferred taking any depositions at all pending receipt of certain documents and responses to interrogatories. DE 168 at 2. Plaintiff does not contradict defendant's assertion. Moreover, during the more than two years that elapsed after the notice of deposition was served, plaintiff never moved to compel defendant to produce a witness pursuant to it. To the contrary, the dispute over the notice was first raised with the Court only in June of 2011 when, in response to a direction from the Court, plaintiff submitted a letter identifying all remaining discovery she sought to conduct. *See* DE 158. Defendant raised his objections shortly thereafter and, under these circumstances, in a timely manner.

Plaintiff's motion for sanctions, DE 176, is based on her assertion that defendant failed to comply with an Order I issued on July 5, 2011. Plaintiff contends that the Order directed defendant to produce witnesses for all topics identified in plaintiff's 30(b)(6) notice. *See* DE 161. Plaintiff mischaracterizes the substance of the Order, which merely extended the time for completing discovery, limited the remaining depositions to those identified by plaintiff, and directed counsel to confer on a schedule for conducting each of the remaining depositions. I did not address the merits of defendant's objections to plaintiff's Rule 30(b)(6) notice, which were first put before me for decision only after the Order was entered. Accordingly, plaintiff's motion for sanctions is denied.

## The Subject Areas in Dispute

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The rule has been broadly construed. *See, e.g., Sasikumar v. Brooklyn Hosp. Center*, 2011 WL 1642585 (E.D.N.Y. May 2, 2011). However, either on

motion or even on its own, a court "must limit the frequency or extent of discovery otherwise allowed" if the discovery sought is unreasonably cumulative or duplicative, the party seeking the discovery has had ample opportunity to obtain the information, or the burden or expense involved in taking the proposed discovery "outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

The claims and underlying facts in this case have been set forth in prior rulings. *See, e.g.,* DE 103. I repeat them in summary form here for ease of reference.

Plaintiff Celia Bellinger has been employed by the Social Security Administration ("SSA") for more than 25 years. Compl. ¶ 11; Plaintiff's Memorandum of Law in Support of Her Motion to Compel, DE 78, at 2. In 1998, Bellinger applied for and obtained a position as a management analyst on the Field Services and Planning Team in the Facilities Management Section ("FMS"). Compl. ¶ 13. The position was designated as a temporary Grade GS-12. *Id*. ¶ 14; Tr. of 1/26/09 at 4. Plaintiff asserts that her direct supervisor was Eric Schlesinger, the Chief of FMS, and that Schlesinger's supervisor was John McGinley. Compl. ¶ 16. McGinley was the Director of the Center for Material Resources (the "CMR"), a component of the SSA's New York Regional Office. Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Compel and for Sanctions ("Def. Mem. of Law"), DE 85, at 4. According to plaintiff, and as Schlesinger himself has conceded, Schlesinger made a series of disparaging and discriminatory remarks to plaintiff and to other women co-workers. Compl. ¶¶ 16-24; Tr. of 1/26/09 at 4; Affirmation of Elizabeth A. Mason in Support of Motion to Compel and for Sanctions ("Mason Aff."), DE 79, ¶¶ 27-32.

Plaintiff held the temporary Grade 12 position for more than six years. Compl. ¶ 35. Whenever she sought a permanent position, Schlesinger and McGinley told plaintiff – falsely, according to the complaint – that none were available. *Id*. ¶¶ 36-37, 45. In December of 2004, though, plaintiff learned of two vacancies for a permanent Support Services Specialist, a Grade GS-13 position. *Id*. ¶ 51. Plaintiff applied, as did another woman, Renee Watson, who reported to McGinley. *Id*. ¶ 53; Tr. of 1/26/09 at 9-

3

10.  Plaintiff and two other men, Ken Schmidt and Steven Chung, were selected as finalists.  Compl. ¶ 55.

Although plaintiff alleges that she was the most qualified candidate, the positions were awarded to the

two male applicants.  *Id*. ¶ 57.  The decision to promote Schmidt and Chung and not plaintiff was made

by John McGinley and Irene Corva, who was at that time the new Director of CMR.  *Id*. ¶ 56; Def. Mem.

of Law at 5.  Count One of the complaint, plaintiff's failure-to-promote claim, is based on the

appointment of the two male candidates to the GS-13 Support Services Specialist positions by McGinley

and Corva.

Plaintiff also alleges in her complaint that Schlesinger assigned her tasks commensurate with the

job responsibilities of a Grade GS-13 employee, even though plaintiff held a GS-12 position at lower pay.

Compl. ¶¶ 25-28; Tr. of 1/26/09 at 5-6.  Count Two of the complaint, plaintiff's claim of unequal pay, is

based on these assignments, and more specifically upon what Bellinger contends is the similarity between

the responsibilities Schlesinger gave to her and those he assigned to Steve Hunchik, a male GS-13

management analyst.  Compl. ¶¶ 30-31; Tr. of 1/26/09 at 6.

With these legal principles and the nature of plaintiff's claims in mind, I turn to the specific

subject areas in dispute and address each in turn.

A.      Topic 5: Knowledge of Defendant's EEO, CREO and HOR Procedures and Policies for Filing,
        Investigating and Resolving Discrimination Complaints.

In her letter application seeking deposition testimony on this subject, plaintiff simply asserts

without further explanation that she is entitled to discovery regarding SSA's policies and procedures for

filing, investigating and resolving discrimination complaints.  DE 164 at 2.  Defendant objects to

producing a witness to testify regarding this subject matter on two grounds.  First, as defendant points out,

plaintiff has already deposed Mavis Johnson, an Equal Employment Opportunity Specialist and the EEO

counselor with whom plaintiff met regarding the discrimination claimed in this case, and obtained

testimony from her about the SSA policies in issue.  DE 168 at 6-7 and Ex. C.  Defendant further argues

that SSA's policies and procedures for investigating discrimination complaints are not directly relevant to

plaintiff's claims in this case, particularly because plaintiff commenced this lawsuit without completing

defendant's administrative process. *Id.* at 6. Plaintiff in turn denies that she bears responsibility for terminating the administrative process, but does not assert that it was completed. Plaintiff also contends that controlling precedent supports her right to conduct a 30(b)(6) deposition on the subject matter in dispute. DE 176.

As defendant emphasizes, plaintiff had a full opportunity to depose Mavis Johnson. By virtue of her title and job responsibilities, it is reasonable to infer that Johnson had adequate knowledge to answer any questions plaintiff might have reasonably posed with respect to defendant's policies concerning filing, investigating and resolving discrimination complaints. Indeed, while defendant has submitted an excerpt of Johnson's deposition in which she answers questions about defendant's EEO complaint process, plaintiff has failed to present any deposition excerpt showing that Johnson lacked sufficient knowledge to answer any of the questions posed to her.

Moreover, defendant's standard procedures for filing, investigating and resolving discrimination complaints is not directly at issue in this case. This case is not a class action, and plaintiff has not asserted any claims directed to defendant's general practices. While plaintiff may be correct to assert that she "has every right to obtain discovery from the Defendant to show that this representation [that plaintiff refused to participate in the EEO investigation] is false," DE 176 at 5, that right has been afforded to her. Plaintiff has had ample opportunity to take discovery with respect to the manner in which defendant addressed *her* discrimination complaints, and fails to explain why defendant's general practices are relevant to her claims.

Finally, the cases relied on by plaintiff do not support her contention that an employer's policies and practices for handling discrimination complaints are generally discoverable. Plaintiff relies primarily on the decision in *EEOC v. Lifecare Mgmt. Servs., LLC*, 2009 WL 772834 (W.D. Pa. Mar. 17, 2009).[1]

---

[1] Plaintiff also cites cases holding that a party's receipt of documents with respect to a subject does not preclude the party from conducting a deposition on the same subject. *See Tri-State Hosp. Supply Corp. v. United States*, 226 F.R.D. 118, 125-26 (D. Col. 2005). At least one other court, however, has precluded a Rule 30(b)(6) deposition because the party seeking the deposition had already obtained documents addressed to the same subject in discovery. *Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 78 (D. Conn. 2010). In any event, as indicated in the

*Lifecare* is distinguishable on two grounds. First, the 30(b)(6) notice at issue was not one served by a plaintiff upon her employer, but was served by the defendant employer upon the EEOC and sought information about that agency's investigation. Second, and of particular significance here, the Rule 30(b)(6) notice in *Lifecare* sought the testimony of the same EEOC investigator who investigated the charge of discrimination at issue in the lawsuit. *Id.* at *2 (noting that "[d]efendants are seeking facts obtained by the EEOC during its underlying investigation"). Here, plaintiff has taken the deposition of the individual who investigated her allegations of discrimination, Mavis Johnson. The decision in *Lifecare* in no way suggests that plaintiff has a right to the Rule 30(b)(6) deposition she seeks to conduct.

Plaintiff raises one concern that does have merit: Johnson was deposed as an individual and not as a representative of the defendant. DE 176 at 5. Accordingly, it is conceivable that defendant could disavow Johnson's testimony in summary judgment motion practice or at trial. This problem, however, may easily be resolved if defendant stipulates that the deposition testimony of Mavis Johnson may be relied upon by plaintiff in summary judgment papers or at trial as if taken from defendant pursuant to Rule 30(b)(6). Defendant shall file a letter with the Court stating whether he so stipulates within one week of the entry of this Memorandum and Order. For the reasons stated above, this aspect of defendant's motion for protective order is in all other respects granted.

B.     Topic 6: Knowledge of Defendant's Compliance with its Sexual Discrimination Policies and Procedures

As noted above, plaintiff's claims in this case are that she should have been promoted to one of two positions awarded instead to men and that she was assigned the same responsibilities as male employees who were paid more. Plaintiff has had ample opportunity to depose the individuals involved in making the promotion decisions she challenges and assigning the work for which she claims she was entitled to higher pay. In addition, as noted above, plaintiff has deposed the EEO officer who handled her complaint of discrimination. Although defendant asserts in conclusory fashion that she "is fully entitled to question SSA about its compliance with its Sexual Discrimination policies and procedures," DE 164 at

---

text above, I do not rest my decision on the ground that plaintiff has already obtained sufficient information on the subject at issue in response to document demands.

2, she never explains why a Rule 30(b)(6) witness would be better able to testify about whether

defendant's treatment of her complaint complied with its policies than witnesses familiar with the facts of

her case. Moreover, defendant points out that numerous documents detailing SSA's gender

discrimination policies and procedures have already been produced. DE 168 at 8. Accordingly, if

plaintiff believes that the manner in which her complaints were treated was somehow different from what

defendant's policies required, she has the information she requires to bring out that disparity. For these

reasons, and in light of the ample discovery already had from witnesses with knowledge of the relevant

facts, I conclude that the deposition plaintiff seeks in this request would be unreasonably duplicative and

that its likely benefit would be outweighed by the burden and expense of extending the discovery deadline

and conducting further depositions.

C.   Topics 7 and 8: Knowledge of SSA's Litigation Holds Implemented in this Matter and
     Knowledge of Defendant's Implementation and Compliance with SSA's Document Retention
     Policies

There has been a great deal of litigation in this case with respect to whether or not defendant

properly put in place a litigation hold and whether defendant retained relevant documents pursuant to its

retention policies. *See, e.g.,* DE 55 at 4 (denying plaintiff access to the hard drives of defendant's

computers); DE 103 at 11 *et seq.* (denying plaintiff's motion to compel answers to interrogatories seeking

detailed information about defendant's electronically stored information); DE 123 (addressing plaintiff's

demands for documents concerning defendant's "automated personnel information" and document

retention policies and summarizing the extensive information provided by defendant about its record-

keeping systems and practices); DE 124 (affirming DE 103); DE 144 (describing deposition of Panas

conducted by plaintiff with respect to Schlesinger emails); DE 147 (affirming DE 123).

As reflected in these decisions, this Court has already concluded that plaintiff has had ample

discovery about the subjects described in topics 7 and 8. In addition to receiving documents and

conducting depositions as part of discovery, plaintiff has had the benefit of the briefs, declarations and

exhibits submitted in connection with the motion practice described above. For example, in a prior order,

I noted that plaintiff was provided with information, including affidavits from computer specialists

employed by defendant, about the manner in which defendant stored emails.  DE 103 at 14.  In addition,

plaintiff has had the opportunity to depose the individuals involved in the events underlying her claims

about their practices with respect to maintaining emails and other documents.  Plaintiff has also conducted

the deposition of the successor to the supervisor she claims was primarily responsible for discriminating

against her and who, as a result, had access to that supervisor's computer.  DE 144.  Moreover, defendant

has provided plaintiff with substantial documentation concerning its document retention policies.  DE 168

at 10.  In light of the extensive discovery and information already provided to plaintiff, Chief Judge

Amon, in the course of ruling on an earlier motion, concluded that "[t]he record is clear . . . that plaintiff

has had the opportunity to discover substantial evidence relating to the manner in which the defendant

stores electronic information . . . including . . . declarations that contain the requested information . . . the

production of thousands of documents and depositions of the relevant custodians."  DE 124 at 4.

Finally, at least some of the precedents plaintiff cites do not support her position.  In *Huthnace v.*

*District of Columbia*, 255 F.R.D. 285, 287 (D.D.C. 2008), the Court ordered disclosure of documents

setting forth defendant's record retention policies; no Rule 30(b)(6) deposition was sought or ordered.  *In*

*re Application of Michael Wilson & Partners*, 2009 WL 1193874 (D. Colo. Apr. 30, 2009) did involve a

Rule 30(b)(6) deposition concerning document retention, but the deposition was ordered by an English

arbitral tribunal, and the question before the court was not whether the deposition should proceed but

whether the designated witness was properly prepared to testify.  *Id.* at *3-5.

Other authorities cited by plaintiff do indicate that depositions with respect to document retention

policies may be appropriate in certain circumstances.  *See, e.g., Algonquin Heights v. United States*, 2008

WL 2019025 (Fed. Cl. Feb. 29, 2008).  However, when deciding whether to permit or preclude discovery

sought by a party, a court must consider the particular facts and circumstances of the case before it.  *See*

Fed. R. Civ. P. 26(b)(2)(C).  For the reasons stated above, I conclude that the discovery sought by

plaintiff would be unreasonably cumulative, that plaintiff has had ample opportunity to obtain the

information she seeks (particularly because she has deposed the individuals involved in the events giving

rise to her claims), and that the benefit of the Rule 30(b)(6) testimony she seeks in topics 7 and 8 is

outweighed by the burden and expense that would be involved in scheduling and conducting the discovery. For all these reasons, this aspect of plaintiff's motion is also denied.

## Conclusion

For the reasons stated above, plaintiff's motion for sanctions is denied. Defendant's motion for a protective order is granted in all respects, except that defendant shall submit a letter by October 7, 2011 stating whether he will stipulate that the deposition testimony of Mavis Johnson may be relied upon by plaintiff in summary judgment papers or at trial as if taken from defendant pursuant to Rule 30(b)(6). Discovery is otherwise closed. If defendant intends to move for summary judgment, he shall submit a pre-motion conference application pursuant to the chambers practices of Chief United States District Judge Amon by October 21, 2011.

**SO ORDERED.**

_____s/_____
**STEVEN M. GOLD**
**United States Magistrate Judge**

Brooklyn, New York
September 28, 2011

Bellinger 092811